IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELEMENTAL LED, INC, a Nevada corporation,<br><br>  Plaintiff,<br><br>v.<br><br>SUPER BRIGHT LEDS, INC., a Missouri corporation,<br><br>  Defendant. | Case No.:  4:22-cv-00364<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND CANCELLATION**

COMES NOW Plaintiff Elemental LED, Inc., a Nevada corporation ("Plaintiff"), and states for its Complaint against Super Bright LEDs, Inc., a Missouri corporation ("Defendant"), the facts set forth below.  Plaintiff demands a jury trial on all causes of action against Defendant.

**THE PARTIES**

1. Plaintiff is a foreign entity, incorporated in the State of Nevada, with its principal place of business as 885 Trademark Dr. #200, Reno, Nevada.

2. Defendant is a Missouri corporation, formed and existing pursuant to the laws of the State of Missouri.  According to the Missouri Secretary of State, Defendant's principal office address is 4400 Earth City Expressway, Earth City, Missouri 63045.

**JURISDICTION AND VENUE**

3. This Court has original subject matter jurisdiction over this controversy pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, and 1338 because Plaintiff's claims arise under the Lanham Act, specifically 15 U.S.C. §§ 1114, 1119, 1125, and 1052.

1

4. Defendant is subject to personal jurisdiction in Missouri because Missouri is Defendant's state of incorporation and, upon information and belief, is the location where Defendant maintains its principal place of business.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), (c), and (d) because Defendant resides in this judicial district and subject to this Court's personal jurisdiction. Defendant engaged in trademark infringement and other Lanham Act violations in this jurisdiction.

**FACTS COMMON TO ALL COUNTS AND CAUSES OF ACTION**

6. Plaintiff manufactures LED lighting and LED lighting supplies and fixtures and distributes them throughout the United States.

7. Plaintiff is the owner of all common law rights in the trademark "DIODE LED" (the "Mark") which it has used continuously in interstate commerce since at least May of 2009 in conjunction with Class 9 electrical devices and power supplies used for lighting, and Class 11 LED and HID fixtures.

8. Plaintiff is the owner of U.S. Registration Numbers 4333041 ("'041 Reg.") and 5121306 ("'306 Reg.") for the Mark. Attached to this Complaint respectfully as Exhibits 1-2 are true and correct copies of the '041 Reg. and '306 Reg.

9. The '041 Reg. protects the Mark in International Class 9 for the following goods: Electrical devices relating to lighting, namely, electric light dimmers, adapters, battery packs, transformers, power supplies, power controllers and amplifiers, junction boxes, electrical connectors, electrical wires, electrical plugs, light systems comprising light sensors and switches.

10. The '306 Reg. protects the Mark in International Class 11 for the following goods: LED (light emitting diode) lighting fixtures; LED (light emitting diodes) light fixtures

for use in display, commercial, industrial, residential, and architectural accent lighting applications; LED and HID light fixtures; LED landscape lights; LED light strips for decorative purposes; LED underwater lights.

11.     Since the adoption of Plaintiff's Mark, millions of dollars have been spent advertising and promoting the Mark, and millions of dollars have been made from the use of the Mark in the United States.  Plaintiff's Mark is extensively advertised and promoted, and has received substantial third-party recognition.  In addition to the Mark's recognition in commerce as stated above, the Mark has acquired distinctiveness by Plaintiff's exclusive and continuous use of the Mark in commerce for over twelve years.

12.     Prior to the unauthorized and infringing use and registration of "DIODEDRIVE" (the "Infringing Mark") by Defendant, Plaintiff's Mark had become recognized and relied upon by consumers as identifying the quality goods of Plaintiff and distinguishing those goods from the goods of others.  Plaintiff's Mark therefore represents the goodwill belonging exclusively to Plaintiff.

13.     Upon information and belief, commencing long after Plaintiff's adoption and use of the Mark, Defendant registered the domain name www.diodedrive.com and has willfully and maliciously participated in offering for sale LED Power Supplies, LED Drivers, and LED Controllers using the Infringing Mark.  A true and correct copy of https://www.diodedrive.com is attached hereto as Exhibit 3.

14.     Defendant has registered DIODEDRIVE with the United States Patent and Trademark Office in Class 9, U.S. Registration No. 5905505 ("'505 Reg.'"), with an alleged first date of use in commerce as April 19, 2019.  A true and correct copy of the '505 Reg. is attached hereto as Exhibit 4.

23823543.2

15. Defendant's unauthorized use of its Infringing Mark creates a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, association, origin, sponsorship or approval of their services, all to Plaintiff's irreparable loss and damage.

16. In addition to the foregoing, actual confusion of consumers has occurred. Specifically, Plaintiff's customers have contacted Plaintiff believing that Defendant is affiliated with Plaintiff.  Upon information and belief, this confusion will continue to occur as a result of the acts of Defendant complained of herein, unless Defendant is enjoined from continuing said acts.  Furthermore, Plaintiff will suffer irreparable injury to its reputation and goodwill unless Defendant is so enjoined.

17. Plaintiff has been damaged by Defendant's willful misconduct in an amount according to proof and has also been damaged by Defendant's registration of Infringing Mark.

## CLAIM I

### (Trademark Infringement - 15 U.S.C. § 1114(a))

18. Plaintiff repeats, realleges, and reiterates each and every paragraph set forth above as if fully set forth herein.

19. By the acts complained of herein, Defendant adopted and used the confusingly similar Infringing Mark in interstate commerce in connection with LED Power Supplies, LED Drivers, and LED Controllers.  Through such use of the Infringing Mark, Defendant has infringed Plaintiff's rights protected by the '041 Reg. and the '306 Reg., and such use is likely to cause confusion, mistake and/or deception amongst the consuming public in violation of 15 U.S.C. § 1114(a).

20. Upon information and belief, Defendant has advertised and offered its goods for sale using the Infringing Mark with the intention of misleading, deceiving or confusing

consumers as to the origin of its goods and of trading on Plaintiff's reputation and goodwill. Defendant's use of its Infringing Mark constitutes willful, deliberate and intentional trademark infringement.

21. Defendant's unauthorized use of the Infringing Mark in interstate commerce as described above is likely to cause consumer confusion, mistake, and/or deception and constitutes trademark infringement under 15 U.S.C. 1114(a).

22. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff and, unless such acts are restrained by this Court, such acts will continue and Plaintiff will therefore continue to suffer great and irreparable injury.

23. Plaintiff has been damaged by Defendant's willful infringement in an amount according to proof.

## CLAIM II

### (Lanham Act Violation - 15 U.S.C. § 1125(a))

24. Plaintiff repeats, realleges, and reiterates each and every paragraph set forth above as if fully set forth herein.

25. By the acts complained of herein, Defendant has used in connection with their goods a false designation of origin, description or representation, including use of the Infringing Mark, which is likely to cause confusion, mistake or to deceive as to origin, affiliation, connection, sponsorship or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's goods by Plaintiff, in violation of 15 U.S.C. § 1125(a).

26. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff and, unless such acts are restrained by this Court, such acts will continue and Plaintiff will therefore continue to suffer great and irreparable injury.

27. Plaintiff has been damaged by Defendant's willful unfair competition in an amount according to proof.

## CLAIM III

**(Cancellation of Defendant's Reg. No. 5905505 - 15 U.S.C. §§ 1119, 1052(d))**

28. Plaintiff repeats, realleges, and reiterates each and every paragraph set forth above as if fully set forth herein.

29. Prior to Defendant's registration of the Infringing Mark that is the subject of the '505 Reg., Plaintiff's Mark had become recognized and relied upon by consumers as identifying the quality goods of Plaintiff and distinguishing those goods from the goods of others. Specifically, prior to Defendant's adoption and use of the Infringing Mark, Plaintiff and its Mark had acquired a reputation throughout the United States for the above-identified Class 9 and 11 goods that are the subject of Plaintiff's '041 Reg. and the '306 Reg. and associated common law rights. Plaintiff's Mark therefore represents the goodwill belonging exclusively to Plaintiff. Plaintiff's rights in Plaintiff's Mark are superior to Defendant's purported rights in its Infringing Mark and the corresponding '505 Reg.

30. Plaintiff has standing to seek cancellation of the '505 Reg. because Plaintiff will continue to be damaged by the continued registration of Defendant's '505 Reg. because Defendant's Infringing Mark so resembles Plaintiff's Mark as to be likely to cause consumer confusion, mistake, and/or deception in the minds of the purchasing public. The purchasing public is likely to assume that the International Class 9 goods identified by Defendant's '505 Reg. are sold or offered for sale by Plaintiff, or that such goods originate with, or are authorized or approved by, or in some way connected to, Plaintiff, in violation of 15 U.S.C. § 1052(d).

23823543.2

31. In light of the foregoing, Defendant's '216 Reg. should be cancelled pursuant to 15 U.S.C. §§ 1119 and 1052(d).

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court enter judgment in its favor on all Counts, and that the Court specifically find that Defendant engaged in trademark infringement and unfair competition in violation of the Lanham Act and that Defendant's '505 Reg. should be cancelled. Plaintiff respectfully requests the Court enter judgment that Defendant acted willfully with respect to all violations of the Lanham Act.

Plaintiff respectfully requests that the Court permanently enjoin Defendant and its officers, directors, servants, agents, employees, successors and assigns, and all persons acting in concert or privity with them, enjoining each of them, singly and collectively, from: (a) using, promoting, advertising, and/or marketing the Infringing Mark, or any name, mark or designation confusingly similar thereto on LED Power Supplies, LED Drivers, and LED Controllers or similar goods; (b) holding themselves out to the public as being affiliated with, sponsored by, or connected with Plaintiff in any manner, or committing any acts likely to imply any such relationship or affiliation; and (c) requiring Defendant to deliver to Plaintiff for destruction all material in its possession, custody or control bearing the Infringing Mark, or any other names, marks or designations confusingly similar thereto.

Plaintiff respectfully requests that the Court require Defendant to provide an accounting to Plaintiff of all monies gained from the use of the Infringing Mark and all profits earned by it since the start of its use of the Infringing Mark.

Plaintiff respectfully requests that the Court award it actual damages in an amount to be determined at trial, that the Court award Plaintiff three times the amount of its actual damages,

Defendant's profits over the period Defendant has used the Infringing Mark, the costs of this action, attorney's fees, and such other amounts as this Court deems just pursuant to 15 U.S.C. § 1117(a).

Plaintiff respectfully requests that pursuant to 15 U.S.C. § 1119, an order directing the Director of the United States Patent and Trademark Office to cancel Defendant's '505 Reg.

Plaintiff respectfully requests that an order be issued requiring Defendant to cease using and cancel the domain name www.diodedrive.com and any other domain names confusingly similar to Plaintiff's Mark.

Plaintiff respectfully requests all such other and further relief that the Court deems proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: March 29, 2022

Respectfully submitted,

By: */s/ Richard L. Brophy*
Richard L. Brophy
Margaret R. Szewczyk
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070 (telephone)
rbrophy@atllp.com
mszewczyk@atllp.com

and

23823543.2

BROWNSTEIN HYATT FARBER SCHRECK, LLP

Matthew D. Francis 6978 (NV)
(Pro Hac Vice Pending)
mfrancis@bhfs.com
Arthur A. Zorio 6547 (NV)
(Pro Hac Vice Pending)
azorio@bhfs.com
5520 Kietzke Ln., Suite 110
Reno, Nevada  89511
Telephone: 775.324.4100
Facsimile: 775.333.8171